## Commonwealth v. Bafile

790

*Gailey C. Keller,* District Attorney, for the Commonwealth.

*John Arnold Crisman,* for the prosecutrix.

*Franklin Kepner,* for defendant.

MYERS, P. J., July 12, 1972.—A criminal complaint was filed before a Columbia County District Magistrate on October 15, 1971, by June L. Young, prosecutrix v. Vito J. Bafile, defendant, charging defendant with failure to support and maintain twin children born out of wedlock on February 20, 1963. No previous action for support was filed by prosecutrix against defendant.

A notarized statement dated September 19, 1963, bears the signature "Vito J. Bafile" and states the following: "On this 19th day of September, 1963, personally appeared before me, the subscriber, one of the Justice's of the Peace in and for said County, duly authorized to administer oaths, Vito Bafile, who being duly sworn according to law, doth depose and say that he is the father of twin sons, born to Mrs. June Young of 364 Vine Street, Berwick, Pa. on Feb. 20, 1963. I, Vito Bafile, do hereby state under oath, that as the father of these two children I do voluntarily agree, that should anything happen to the mother that I will take these two children and raise them to the best of my ability and income. If I cannot support them, I will personally see that they are placed in a proper home, where they

will receive every advantage that can be accorded to them. This is my promise and agreement.

"Signed: Vito J. Bafile."

The charges were brought under the Act of June 24, 1939, P. L. 872, sec. 733, 18 PS §4733, of The Penal Code as amended. Under this section it has been held that the statute of limitations may not be pleaded as a defense: Commonwealth v. Bosler, 2 D. & C. 132 (1922).

Defendant filed a motion to quash the criminal complaint, alleging that any action to force a putative father to support and maintain illegitimate children, i.e., for its support out of wedlock, must be brought under the Act of June 24, 1939, P. L. 872, sec. 732, 18 PS §4732, of The Penal Code, as amended. Under that section, unless prosecution is brought within two years from the birth of the child or within two years from an acknowledgment of paternity by the putative father, the action is barred by the statute of limitations.

Therefore, obviously, if section 732 applies to the within action (18 PS §4732), the statute of limitations would be a valid defense for defendant and grounds for quashing the indictment. In Bunch's Petition, 68 Pitts. L. J. 3 (1919), the court held that section 733 (18 PS §4733) above, applied to cases where a husband or father neglects to maintain his lawful wife or his legitimate children or both, but does not include nor apply to the father of illegitimate children.

Thus, only section 732 (18 PS §4732), would be available to the prosecutrix to proceed criminally in this case against defendant and, as stated above in that section, she is barred by the statute of limitations.

Therefore, the motion to quash must be sustained.

One other conceivable avenue of approach may be available to the prosecutrix under these circumstances and that would be for her to proceed under the Civil Procedural Support Law as promulgated by the Act of July 13, 1953, P. L. 431, 62 PS §2043.31, et seq., as amended.

However, the prosecutrix faces a dilemma in view of the holding of the court in the case of Commonwealth v. Dillworth, 431 Pa. 479 (1968). In the Dillworth case, the court passed upon the scope of the Civil Procedural Support Law of 1953 with regard to the questions of determining paternity and the support of illegitimate children, particularly noting the relative interdependence or independence of this act in relation to the relevant criminal statutes referred to earlier in this opinion.

The Dillworth case holds that if paternity has not been established by prior criminal proceedings or by prior voluntary actions or assent on the part of defendant in a manner recognized by law, then defendant has the option of demanding a trial by jury in a criminal proceeding or permitting paternity to be determined by the judge under the Civil Procedural Support Law.

In the Dillworth case, there was a lengthy and erudite dissenting opinion by one of the Justices who opined that the prosecutrix, not the defendant, should have the option of selecting the basis upon which to proceed.

While this court is inclined to agree with the theory of the dissenting justice in the Dillworth case, it feels bound by the majority holding under the circumstances.

The same rationale as in the Dillworth case was adopted by the Pennsylvania Superior Court in

the case of Commonwealth v. Jacobs, 220 Pa. Superior Ct. 31 (1971), but a different conclusion was reached because in the Jacobs' case defendant had admitted to paternity in open court in a previous proceeding and did not demand a jury trial under the criminal statute.

Therefore, the validity of defendant's affidavit relating to paternity becomes a controlling factor in this case, and the dilemma of the prosecutrix becomes apparent.

Thus, if defendant repudiates his affidavit and demands a jury trial in a criminal proceeding, the court must sustain his motion to quash the criminal complaint and dismiss the case because such is barred by the statute of limitations. On the other hand, should the prosecutrix institute a proceeding under the applicable section of the aforesaid Civil Procedural Support Law, she could prevail only if defendant would admit to paternity and agree to proceed under the Civil Procedural Support Law, as aforesaid.

In conclusion, the court does not believe that an affidavit relating to paternity signed and sworn to in the presence of a justice of the peace is a sufficiently binding document to establish paternity and deprive defendant of a trial by jury in a criminal proceeding under the circumstances.

We are of the opinion that such affidavit falls far short of establishing paternity in a manner recognized by law. See Bunch's Petition, supra.

Therefore, without further comment we make the following

## ORDER OF COURT

And now, to wit, July 12, 1972, defendant's motion to quash is hereby sustained and the case dismissed

with the costs placed upon the County of Columbia, but without prejudice to the prosecutrix to commence an action under the Civil Procedural Support Law of 1953, as amended, 62 PS §2043.31, et seq., in accordance with this opinion.